IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DETRAEON PASS, et al.,

    Plaintiffs,

       v.

BERKEL & COMPANY
CONTRACTORS, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-1053-TWT

## OPINION & ORDER

This is a personal injury action. It is before the Court on the Defendant Berkel & Company Contractors, Inc.'s ("Berkel") unopposed Motion for Summary Judgment. [Doc. 25]. For the following reasons, the Motion is GRANTED.

## I.  Background[1]

This action arises out of a work-related injury that Plaintiff Detraeon Pass ("Pass") suffered while working as a concrete truck driver for non-defendant Argos USA. (Compl. ¶¶ 10-8). On September 27, 2019, Pass drove his concrete truck to the Crooked Creek facility to make a delivery. (Def.'s Statement of Material Facts ¶¶ 2). In the process of delivering the concrete, Pass alleges, he was struck in the head with the mixing chute of another

---

[1] The operative facts on the Motion for Summary Judgment are taken from Berkel's Statement of Undisputed Material Facts, since the Motion is unopposed. The Court will deem these factual assertions, where supported by evidentiary citations, admitted under Local Rule 56.1(B).

concrete truck after a Berkel employee lost control of the chute. (*Id.* ¶ 2). Pass alleges that, as a result of the incident, he has suffered migraines, blurred vision, neck pain, and tingling in his right hand. (*Id.* ¶ 4). He does not know what caused the chute that hit him to swing. (*Id.* ¶ 3).

In September 2010, prior to the concrete chute incident, Pass suffered a closed head injury while working as a correctional officer. (*Id.* ¶ 6). As a result, he was unable to work for three years, complained of dizziness and headaches, and was treated by multiple clinicians for these ailments along with nausea and blurred vision. (*Id.* ¶¶ 7-8). He was still being treated for migraines as of May 2015 and continued to experience symptoms related to the assault at the time the concrete chute incident occurred. (*Id.* ¶¶ 10).

Pass, along with his wife, Devin Pass, filed the present action in the State Court of Gwinnett County on February 13, 2024 asserting claims for vicarious liability, respondeat superior, and loss of consortium. (Compl. ¶¶ 20-35). The Defendant removed the action to this Court on March 11, 2024. The parties engaged in discovery, and the Defendant moved for summary judgment on July 29, 2025. [Doc. 25]. The Plaintiffs have not opposed the Motion, which is presently before the Court.

## II.  Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue

of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Despite the Defendant's lack of opposition, the Court "cannot base the entry of summary judgment on the mere fact that the motion [i]s unopposed, but, rather, must consider the merits of the motion." *United States v. 5800 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

### III. Discussion

The Defendant raises two interrelated arguments in favor of summary judgment. First, it argues that the Plaintiffs failed to comply with Fed. R. Civ. P. 26(a)(2) because they did not identify any retained experts, provide expert reports, or identify what subject matter Pass's treating physicians might

testify on, and it asks the Court to exclude any causation expert testimony on that basis. (Def.'s Mot. for Summ. J., at 6-8). Second, the Defendant contends that the Plaintiffs cannot establish the causation element of their claims without expert testimony, resulting in the failure of all their claims. (*Id.* at 8-12).

Federal Rule of Civil Procedure 26 states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2)(B) requires that all retained expert witnesses prepare a signed, written report that contains, *inter alia*, "the witness's qualifications, including a list of all publications authored in the previous 10 years[.]" "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

While the Court did not specifically order the parties to make expert disclosures by a certain deadline, the Local Rules contemplate that experts should be disclosed before the end of the discovery period. *See* LR 26.2(C), NDGa. ("Any party who desires to use the testimony of an expert witness shall

designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert[.]"). After a few extensions, discovery in this matter closed on June 30, 2025, and the Plaintiffs never disclosed retained experts to the Defendant pursuant to Rule 26(a)(2)(A), provided any expert reports for retained experts pursuant to Rule 26(a)(2)(B), or provided a summary of the opinions that Pass's treating physicians might testify to pursuant to Rule 26(a)(2)(C). (*See* Pls.' Initial Disclosures, [Doc. 10], at 11). Because the Plaintiffs have not opposed the Defendant's Motion, there has been no showing of justification or harmlessness for their failure to comply with Rule 26. Therefore, the Plaintiffs are not permitted to supply expert opinion testimony in this matter. *See* Fed. R. Civ. P. 37(c)(1).

The elements of a negligence claim in Georgia are "the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages." *Stadterman v. Southwood Realty Co.*, 361 Ga. App. 613, 615 (2021) (citation modified). The plaintiff carries the burden of proof as to causation, and

> must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.

*Shadburn v. Whitlow*, 243 Ga. App. 555, 556 (2000).

The Defendant is entitled to summary judgment as to Detraeon's negligence-based claims because he has failed to establish the causation element of these claims. The Defendant has identified evidence suggesting no causal link between the concrete chute incident and the injuries Pass alleges he suffers by pointing to his past medical history, including similar symptoms that plagued him for years prior to the incident at issue here. (*See* Def.'s Statement of Material Facts ¶¶ 6-10). This shifts the burden to Pass to present affirmative evidence showing a genuine dispute as to causation. *Anderson*, 477 U.S. at 257. But the Plaintiffs are barred from presenting expert testimony in support of their claims, and expert testimony is required as to causation in this case given Pass's past medical history with similar symptoms. *See Cowart v. Widener*, 287 Ga. 622, 622 (2010) ("[E]xpert evidence is required where a 'medical question' involving truly *specialized* medical knowledge (rather than the sort of medical knowledge that is within common understanding and experience) is needed to establish a causal link between the defendant's conduct and the plaintiff's injury."). A factfinder would be unable to determine here whether the Defendant's alleged negligence caused Pass's injuries because parsing out the injuries from the concrete chute incident versus injuries from his past traumas is not something within a layperson's common understanding and experience. And Pass has done nothing more than allege that the Defendant's actions caused his injuries. *Shadburn*, 243 Ga. App. at

556 (noting that the "mere possibility of such causation" is not enough). Thus, because Pass has not presented any affirmative evidence as to the causation element of his negligence-based claims and the Plaintiffs are barred from presenting expert testimony, the negligence-based claims necessarily fail as a matter of law. Accordingly, the Defendant is entitled to summary judgment on Counts I and II.

Finally, because Pass's negligence-based claims fail, his wife's loss of consortium claim necessarily fails as well. *White v. Hubbard*, 203 Ga. App. 255, 256 (1992) ("[T]he husband has no tort claim against [the Defendant] . . . and his wife has no claim for loss of consortium, which is derivative from his right. Her property right could only vest if his cause of action be vested[.]"). The Defendant is thus entitled to summary judgment as to Count III as well.

## IV. Conclusion

For the foregoing reasons, the Defendant Berkel & Company Contractors, Inc.'s Motion for Summary Judgment [Doc. 25] is GRANTED. The Clerk is directed to enter judgment in favor of the Defendant Berkel & Company Contractors, Inc. and to close the case.

SO ORDERED, this ___27th___ day of October, 2025.

THOMAS W. THRASH, JR.
United States District Judge